| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | | |
| SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |

In re                                            :
                                                 :
                                                 :
                                                 :
SALVADOR ROSILLO,          :          Chapter 7
                                                 :
                                                 :          Case No. 07-11103 (MG)
                     Debtor.        :
                                                 :

**MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION TO REOPEN HIS CHAPTER 7 CASE AND CONVERT TO CHAPTER 13**

**APPEARANCES:**

Salvador E. Rosillo, Pro Se
78 Reade St.
New York, NY 10007


**MARTIN GLENN,**
**United States Bankruptcy Judge**

       Salvador Rosillo (the "Debtor") moved to reopen his chapter 7 bankruptcy case and to convert it to a case under chapter 13 of the Bankruptcy Code.[1] On July 23, 2007, the Court held a hearing on the Debtor's motion and denied the motion to reopen from the bench.[2] This opinion sets out the Court's reasons for denying the Debtor's motion to reopen and convert the case.[3]

---

[1]    The *pro se* Debtor did not cite to any authority in his motion but the Court would typically apply Bankruptcy Rule 9024 or § 350(b) of the Bankruptcy Code, depending on the circumstances, with respect to a motion to reopen and § 706 with respect to a motion to convert.

[2]    The Debtor filed a Notice of Appeal on July 25, 2007 (ECF Doc. No. 21).

[3]    Because the Court denied the motion to reopen, the Court does not need to rule on the Debtor's motion to convert. However, the Court will briefly discuss why, even if the case were reopened, the Debtor could not be a debtor under chapter 13 of the Bankruptcy Code.

1

**JURISDICTION**

The Court has jurisdiction over the motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

On April 19, 2007, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Debtor is or was the owner of three investment properties located in Brooklyn, New York at 1098 Herkimer Street, 30 Vernon Avenue, and 49 Vernon Avenue. At the time the petition was filed, the Debtor was in default on the mortgages for each property. Cumulatively, the Debtor's secured claims, as listed on Schedule D of his petition, total $ 1,886,181.79.[4]

On April 24, 2007, JP Morgan Chase Bank filed a motion for relief from the automatic stay to pursue foreclosure on the property located at 1098 Herkimer Street. In response to the motion, the Debtor filed a handwritten application to dismiss his chapter 7 petition stating that a pending foreclosure action caused him to panic and file for bankruptcy prematurely. *See* Rosillo Motion to Withdraw (ECF Doc. No. 11). On May 7, 2007, the Court held a hearing on the Debtor's motion, and asked the Debtor if he understood the ramifications of his request. The Court explained to the Debtor that if he dismissed the petition he would not be permitted to refile for bankruptcy for 180 days. *See* 11 U.S.C. § 109(g)(2). The Debtor responded by stating, "I am very clear, your Honor." Ultimately, the Court granted the motion to dismiss. On May 25, 2007, the Chapter 7 Trustee certified that the case was fully administered. Subsequently, on May 31,

---

[4] The Debtor listed three mortgages as secured claims on his Schedule D. The claims are for $596,181.79 from Homecomings Financial, $650,000 from American Home Mortgage and $640,000 from GMAC Mortgage Corp. The mortgage for 1098 Herkimer St., listed as held by Homecomings Financial, was assigned to JP Morgan Chase Bank on October 12, 2005.

2

2007 the Chapter 7 Trustee was discharged and on June 1, 2007 the cased was closed.  On June 27, 2007, the 1098 Herkimer Street property was sold at a foreclosure sale.

Presently before the Court is the Debtor's motion to reopen his chapter 7 case and to convert the case to chapter 13.  The Debtor states that the basis for reopening is his desire to reinstate the automatic stay to prevent foreclosure of the 49 Vernon Avenue property.  As discussed below, there is no basis for the Court to reopen the Debtor's bankruptcy case.

## DISCUSSION

**I.    The Debtor Failed to Satisfy the Requirements for Relief from Judgment Pursuant to Rule 9024.**

On May 7, 2007, the Court granted the Debtor's motion to dismiss this case.  Relief from a dismissal can only be granted through appeal or through a motion under Fed. R. Bankr. P. 9024.  3 COLLIER ON BANKRUPTCY ¶ 350.03 (15th ed. 2006).  Fed. R. Bankr. P. 9024, which adopts Fed. R. Civ. P. 60, provides for relief from judgment or order due to mistake, inadvertence, excusable neglect, newly discovered evidence, fraud and other factors.  The Debtor has not satisfied the standards for relief from judgment.  The Debtor's only reason for seeking to reopen the case is to avail himself of the automatic stay pursuant to § 362 of the Bankruptcy Code.  Unfortunately, seeking to reopen a case to obtain the protections of the automatic stay does not satisfy any of the standards set forth in Bankrtupcy Rule 9024.  As such, Bankrtupcy Rule 9024 does not provide a basis to reopen the Debtor's bankruptcy case.

**II.   The Debtor Has Not Established Cause to Reopen His Case Under § 350(b) of the Bankruptcy Code.**

The Debtor's case cannot be reopened pursuant to § 350(b) of the Bankrtupcy Code because he hasn't satisfied the requirements of the section.  Section 350 of the Bankruptcy Code provides:

3

>   (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>   (b) <u>A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.</u>

11 U.S.C. § 350(b) (emphasis added).

A case cannot be reopened unless it was fully administered and closed pursuant to § 350(a) of the Bankruptcy Code. *See In re Income Prop. Builders, Inc.*, 699 F.2d 963 (9th Cir. 1982); *In re Kent Funding Corp.*, 290 B.R. 471, 476 (Bankr. E.D.N.Y. 2003); *France v. Lewis & Coulter, Inc. (In re Lewis & Coulter, Inc.)*, 159 B.R. 188, 191 (Bankr. W.D.Pa. 1993) ("Only a bankruptcy case which has been closed pursuant to 11 U.S.C. § 350(a) -- i.e., in which the estate has been fully administered and any trustee appointed has been discharged -- may be 'reopened' pursuant to 11 U.S.C. § 350(b)."). The docket reflects that the case was closed on June 1, 2007. It is not clear whether § 350(b) is applicable to the pending motion. At least one court has stated that an entry on the docket that the case has been closed refers only to an administrative closing of the file, not to a statutory closing pursuant to § 350(a) and, therefore, § 350(b) would not be applicable. *See In re Lewis,* 159 B.R. at 191 n.4. But even assuming that § 350(b) does apply here, the Debtor fails to establish that he is entitled to relief.

Section 350(b) will not serve as authority for reopening the Debtor's bankruptcy proceeding. Since the Debtor does not contend that there are additional assets to be administered, his case can only be reopened if it is necessary to accord him additional relief or for other "cause." 11 U.S.C. § 350(b).

"[G]rounds for reopening [a case to accord relief to the debtor] include the debtor's desire to file a motion to avoid a lien under § 522(f) of the Code" and "to grant the debtor a discharge if the case has been closed before a discharge is granted." 3 COLLIER ON BANKRUPTCY ¶ 350.03[3]-[4]; *see In re Weber*, 283 B.R. 630 (Bankr. D. Mass. 2002) (reopening a case in order

4

to render relief on account of a creditor's violation of the automatic stay). There is no precedent that a Debtor's desire to reinstate the automatic stay satisfies the requirements of § 350(b) of the Bankruptcy Code.[5]

The Court has broad discretion to determine what constitutes "cause" for reopening a case under § 350(b). *Bartle v. Markson*, 357 F.2d 517, 523 (2d Cir. 1966) ("What constitutes 'cause' is not defined and lies primarily within the discretion of the district judge . . . ."). The Court can consider "numerous factors, including equitable concerns, and ought to emphasize substance over technical considerations." *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991). When determining whether to reopen cases, "courts typically examine the benefit to the debtor . . . and the benefit to the creditors." *Katz v. I.A. Alliance Corp.* (*In re I. Appel Corp*), 300 B.R. 564, 571 (Bankr. S.D.N.Y. 2003); *In re Frontier Enters.*, 70 B.R. 356 (Bankr. C.D. Ill. 1987) (holding that "cause" existed to reopen a case where there was an error in the distribution of proceeds of the estate).

The Debtor is seeking to reopen his case to reinstate the automatic stay pursuant to § 362 of the Bankruptcy Code and, thereby, delay a foreclosure proceeding with respect to his remaining properties. *See* Affidavit in Support of Motion to Reopen at ¶ 2 (ECF Doc. No. 18). However, the Debtor's desire to receive the protection of the automatic stay does not constitute "according relief to the debtor" or other "cause" pursuant to § 350(b). Therefore, the Debtor's motion to reopen the case must be denied.

---

[5] In *Crocker v. Crocker (In re Crocker)*, 362 B.R. 49 (1st Cir. 2007), the debtors filed concurrent motions to reopen the case and to invoke the automatic stay. Although the court reopened the debtors' case, it did not address the issue whether the reinstatement of the automatic stay was grounds for reopening the case. *Id.*

5

**III.     The Automatic Stay Is Not Reinstated When a Case is Reopened Pursuant to § 350(b).**

Even if the case were reopened pursuant to § 350(b), the Debtor would not be afforded the protection of the automatic stay. "Several bankruptcy courts have [] concluded that the reopening of a case does not reinstate the automatic stay . . . ." *Crocker v. Crocker (In re Crocker)*, 362 B.R. 49, 56 (1st Cir. B.A.P. 2007); *see Burke v. United States (In re Burke)*, 198 B.R. 412, 416 (Bankr. S.D. Ga. 1996) ("Reopening does not impose the stay of § 362(a)."); *In re Gruetzmacher,* 145 B.R. 270, 274 (Bankr. W.D. Wis. 1991) ("[T]his court has no authority to reinstate the powerful automatic stay provisions upon reopening."). Section 362 "imposes an automatic stay only upon the filing of a petition under this title" and the Bankruptcy Code does not reinstate the stay once it has been terminated. *In re Burke*, 198 B.R. at 416. Section 362(c) provides in relevant part:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section—
>
> > (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> >
> > (2) the stay of any other act under subsection (a) of this section continues until the earliest of  --
> >
> > > (A) the time the case is closed;
> > > (B) <u>the time the case is dismissed</u>; or
> > > (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C. § 362(c) (emphasis added). "[O]nce a case is closed, dismissed or a discharge is granted or denied, the court lacks jurisdiction to continue the provisions of § 362 of the Bankruptcy Code." *In re Trevino*, 78 B.R. at 37. Therefore, the automatic stay would not be reinstated if the Debtor's case were reopened.

6

**IV.    Debtor Cannot Be a Chapter 13 Debtor.**

Even if the case were reopened, the Debtor is not eligible to convert the case to a case under chapter 13 of the Bankruptcy Code. Section 706 of the Bankruptcy Code governs conversion of a chapter 7 case to a case under chapter 13. 11 U.S.C. § 706. Section 706 provides in relevant part:

> **(a)** <u>The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time</u>, if the case has not been converted under section 1112, 1208, 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable. . . .
> **(d)** Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title <u>unless the debtor may be a debtor under such chapter.</u>

11 U.S.C. § 706 (emphasis added).

Subsection (a) of § 706 provides a debtor with the right to convert a case to a case under chapter 11, 12, or 13 at any time, as long as the case had commenced as a chapter 7 and had not previously been converted from another chapter. 11 U.S.C. § 706(a). However, a debtor's right to convert a case under chapter 7 is limited by subsection (d) which prohibits any conversion to a chapter for which the debtor is not eligible. 11 U.S.C. § 706(d). The eligibility requirements of § 109 must be met before a conversion may be accomplished by the debtor. *Marrama v. Citizens Bank of Mass.*, 127 S. Ct. 1105, 1110 (2007) (stating that the words "unless the debtor may be a debtor under such chapter" expressly conditioned the debtor's right to convert on his ability to qualify as a debtor under chapter 13). Section 109(e) of the Bankruptcy Code states:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate les than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

7

11 U.S.C. § 109(e).

The criteria set forth by § 109(e) is both specific and restrictive. 2 COLLIER ON BANKRUPTCY ¶ 109.06. A debtor cannot owe debts in excess of the amount permitted by statute and still take advantage of chapter 13 relief. 11 U.S.C. § 109(e). A debtor must owe less than $307,675 in unsecured debt and less than $922,975 in secured debt when the petition is filed. 11 U.S.C. § 109(e). These dollar amounts apply only to debts that are noncontingent and liquidated at the petition filing date. 11 U.S.C. § 109(e); *see also Slack v. Wilshire Ins. Co.* (*In re Slack*), 187 F.3d 1070 (9th Cir. 1999) (holding that calculation is not affected by events subsequent to the filing date that affect numbers); *Cavaliere v. Sapir*, 208 B.R. 784 (D. Conn. 1997) (finding that a debt discharged in a previous chapter 7 case did not count toward debt limits); *In re Stern*, 266 B.R. 322 (Bankr. D. Md. 2001) (holding that the date of the original petition remains a relevant point of reference when a debtor seeks to convert to chapter 13).

The Debtor is ineligible for conversion to chapter 13 because his prepetition secured debt is in excess of the § 109(e) limitations.[6] *See In re Nikoloutsos*, 199 F.3d 233 (5th Cir. 2000) (holding that if a court is on notice of the debtor's ineligibility for the chapter to which the debtor seeks to convert, the court should not grant a motion to convert to that chapter). The Debtor has creditors holding secured claims in the amount of $1,886,181.79, an amount far above the $922,975 limitation set forth in the Bankruptcy Code. Even if the Court did not consider the Debtor's foreclosed property, which was valued at $596,181.79 on the Debtor's Schedules, the Debtor's noncontingent, liquidated, secured debts are still $1,290,000, an amount in excess of

---

[6] The Debtor's Schedules list three secured claims: (1) a mortgage in the name of Homecomings Financial in the amount of $596,181.79; (2) a mortgage in the name of American Home Mortgage in the amount of $650,000; and (3) a mortgage in the name of GMAC Mortgage Corp in the amount of $640,000.

8

the limitations set forth by § 109(e).  Therefore, if the Court granted the Debtor's motion to reopen his chapter 7 case, the case could not be converted to a chapter 13 case.

## CONCLUSION

For the foregoing reasons, the Debtor's motion to reopen his chapter 7 bankruptcy case and convert to chapter 13 is DENIED.

DATED:  New York, New York
        July 31, 2007

                                        **__/s/ Martin Glenn_____**
                                        **THE HON. MARTIN GLENN**
                                        **UNITED STATES BANKRUPTCY JUDGE**